LOUIS A. BYE, EMPLOYEE, v. INTERSTATE GRANITE COMPANY, EMPLOYER, BITUMINOUS CASUALTY CORPORATION AND/OR PACIFIC EMPLOYERS INSURANCE COMPANY, NON-INSURERS, CARRIERS.

(Filed 4 May, 1949.)

**1. Master and Servant § 53e—**

The carrier of the insurance during the employee's last thirty day period of exposure to the hazards of an occupational disease is solely liable for compensation allowed for total disability from the occupational disease. G.S. 97-57. This result is not affected by the fact that prior to the time such insurance company became the carrier, medical examinations had disclosed that the employee was suffering with the disease, that the Industrial Commission had advised him as to the compensation and rehabilitation provisions of the Act, but had, in the exercise of its discretion, failed to order him to quit the occupation. G.S. 97-61.

BYE *v.* GRANITE CO.

**2. Master and Servant § 55d—**

> Where the findings of the Industrial Commission essential to the validity of its award are supported by competent evidence, such findings are binding on the courts on appeal.

DEFENDANT Pacific Employers Insurance Company's appeal from *Shuford, Special Judge,* October 4, 1948, Extra Term of MECKLENBURG Superior Court.

*Smathers, Smathers & Carpenter and James L. DeLaney for Pacific Employers Insurance Co., defendant, appellant.*

*Pierce & Blakeney for Bituminous Casualty Corporation, defendant, appellee.*

*David J. Craig, Jr., for plaintiff, appellee.*

SEAWELL, J.  The appeal under consideration is by the Pacific Employers Insurance Company, Carrier of Insurance for the Interstate Granite Company.  The controversy is between the Bituminous Casualty Company, appellant, sometime carrier for the Granite Company during the employment of the plaintiff's intestate, now appellee, and the Pacific Company, appellant, carrier when the employee quit work.  The employer, the Granite Company, did not appeal; and since the sole question involved is which of the carriers is liable under the risk, and subject to payment of the award, which is not assailed, the plaintiff administratrix is not concerned with the result.

The subject award was made under a claim filed by Bye before the Industrial Commission March 3, 1947, for compensation for total and permanent disability caused by silicosis contracted in the course of employment as a granite stone cutter through the inhalation of silica dust.  A hearing was had before Commissioner Buren Jurney, upon which hearing findings of fact were made and award adverse to the Pacific Company, and appeal was made by it to the full commission.  There the award was again adverse, exonerating the Bituminous Company and fixing liability on the appellant.  From this award the Pacific Company appealed to the Superior Court of Mecklenburg County, where the award of the Commission was affirmed; and the Pacific Company appealed to this Court.

Pertinent to this appeal, the Workmen's Compensation Act, G.S. 97-57, provides:

> "In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance

carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable."

Silicosis is a progressive and often fatal condition similar to asbestosis which latter was formerly recognized as compensable under the more general provisions of the statute as an accident arising out of, and in the course of employment. *McNeely v. Asbestos Co.,* 206 N.C. 568, 174 S.E. 451. By amendment to the law, silicosis, along with other occupational diseases named, was made compensable in the same manner as an injury by accident arising out of and in the course of employment.

Obvious difficulties in fixing liability for compensation during successive periods, or stages, of employment, no doubt led to the present law which predicates the liability on the last exposure, providing it is as much as 30 days, and makes no provision for sharing liability with former employers, or carriers on previous risks, or pro rating the award. The sole liability is upon the carrier which was "on the risk"—that is, insurer —for the period of last exposure, as defined and limited in the act. *Haynes v. Feldspar Producing Co.,* 222 N. C., 163, 22 S.E. 2d 275; G.S. 97-57, *supra.*

This much we do not understand appellant to dispute. It does, however, ask serious consideration of the contention that prior to the filing of the present claim, and before it became carrier, and while Bituminous was still "on the risk," all the facts and conditions entitling the employee to compensation for total disability had supervened; and that certain letters, or communications made by Bye, the employee, to the Industrial Commission, and the answers thereto amounted, in law, to a filing of Bye's claim as employee, and assumption of jurisdiction by the Industrial Commission; and that the more formal claim made thereafter was nugatory, and fixed no liability on Pacific Company, which became carrier thereafter; citing *Hardison v. Hampton,* 203 N. C. 187, 165 S.E. 355; *Hanks v. Utilities Co.,* 210 N.C. 312, 186 S.E. 252; and several cases from other jurisdictions, to which our attention has been given. It is further contended that under G.S. 97-61, it was the duty of the Industrial Commission, under the reports made by the examining physician, to remove Bye from the employment and whatever claim he might have dates from that time and pertains to the Bituminous Company, then on the risk.

In this connection the appellant presents the examinations made of Bye from time to time, showing the beginning and progress of his silicosis disease, his notification thereof, and the advice given him in regard to quitting the occupation, or going into something else. These examinations are compulsory, and are made from time to time, and reports thereof filed, by authority of G.S. 97-61.

We find that he was advised by the Industrial Commission to seek new employment because of reports made to the Commission by the examining physician, but that because of his age he was advised by the Commission (May 29, 1946), "because of your age and long exposure the Industrial Commission is leaving it to your own judgment; but to inform you of your rights, the Commission is sending you a copy of the Workmen's Compensation Law, and call to your attention Sections 97-54 through 97-71, and particularly Section 97-61." The cited section applies not only to compensation but to rehabilitation. The inquiry of Bye seemed rather to debate the question whether he should abandon the only employment he knew anything about, or seek rehabilitation under the statute; and we do not find it significant as affecting the validity of the claim and award. No order was made by the Commission and we cannot find that the situation made it compulsory in law, or deprived the Commission of sound discretion.

Bye had been working, intermittently, for the Granite Company since 1941. His last resumption of work began in January, 1947, and lasted 39 days. The claim was filed in apt time thereafter.

The only findings of facts essential to the validity of the award were supported by competent evidence, and are binding on us; *Morgan v. Cloth Mills,* 207 N.C. 317, 177 S.E. 165; *Graham v. Wall,* 220 N.C. 84, 16 S.E. 2d 691; *Archie v. Lumber Co.,* 222 N.C. 477, 23 S.E. 2d 834; and we find no reason to challenge the conclusion reached.

The judgment of the Superior Court is
Affirmed.