GRANT STEWART, EMPLOYEE, v. R. H. DUNCAN (EMPLOYER), AND AMERI-
CAN CASUALTY COMPANY AND/OR COAL OPERATORS CASUALTY
COMPANY (CARRIERS).

(Filed 17 March, 1954.)

**1. Appeal and Error § 6c (2)—**

An exception to the judgment without any exception to particular find-
ings of fact presents the sole question of whether the findings are sufficient
in law to support the judgment, and does not bring up for review the evi-
dence upon which the findings are based.

**2. Master and Servant § 55d—**

While it is a better practice ordinarily for the Superior Court to rule
separately upon each specific exception to the findings of fact and conclu-
sions of law of the Industrial Commission, when the Superior Court affirms
all such findings of fact and conclusions of law and the award, it amounts
to a ruling on each and all such exceptions, and appellant on further appeal
to the Supreme Court may file specific exceptions to each ruling on which
he wishes to base an assignment of error.

**3. Master and Servant §§ 40f, 53e—Employer and carrier during last
30-day period employee is exposed to silicosis are liable.**

Where the evidence supports the findings of the Industrial Commission
that the employee suffering disability from silicosis was exposed to the
hazards of the disease for more than two years in the ten years preceding
his disability and that he was last injuriously exposed to the hazards of
the disease for thirty working days within seven consecutive calendar
months while in the employment of defendant, G.S. 97-57 places liability
therefor upon such employer and his insurance carrier during that period,
and the mere fact that the employee was advised that he had silicosis prior
to the expiration of this 30-day period but continued for a short time to
perform his same work is insufficient alone to sustain the insurance car-
rier's contention that his employment after the discovery of the disease was
in bad faith to make the loss fall upon it.

**4. Master and Servant § 53b—**

Where the Industrial Commission finds that a disabled employee was
suffering from tuberculosis as well as from silicosis, whether the award
for disability from silicosis should be reduced one-sixth rests in the discre-
tion of the Industrial Commission. G.S. 97-65.

APPEAL by defendant, American Casualty Company, from *Dan K.
Moore, J.,* September, 1953, Term, of MITCHELL.

Proceeding under Workmen's Compensation Act (G.S. Ch. 97, Art. 1),
wherein the plaintiff-employee claims compensation on account of disable-
ment caused by the occupational disease of silicosis.

It was stipulated: "1. That the employer-employee relationship existed
between the claimant and the defendant, R. H. Duncan. 2. That all
parties were subject to and bound by the provisions of the Workmen's
Compensation Act. 3. That the defendant, American Casualty Company,

STEWART *v.* DUNCAN.

was the insurance carrier for the employer from 15 June 1951 to 31 December 1951. 4. That the average weekly wage of the claimant was $30.00."

The findings of fact made by the hearing commissioner, adopted by the full Commission and approved by Judge Moore, include the following:

"1. That the defendant, R. H. Duncan, operated a feldspar mine near Spruce Pine, in Mitchell County; . . . that all drilling, blasting, and other operations carried on therein are dry operations; that there is dust in the mine; and that this dust contains free silica.

"2. That the claimant, Grant Stewart, has worked in the mining industry and particularly in feldspar mines most of his adult life; that from 1936 to 1946 he worked at various times in feldspar mines . . . as blacksmith, mucker, and driller . . . in North Carolina . . .

"3. That the claimant worked for Duncan from April 1947 until sometime in the early part of 1948; that he then quit and mined feldspar for himself until 9 April 1951; that on 9 April 1951, he returned to work for the defendant, R. H. Duncan, and worked until 3 August 1951; and that at all times while engaged in feldspar mining, the claimant was exposed to the inhalation of dust containing free silica.

"4. That the claimant was exposed to the inhalation of dust containing free silica in employment in North Carolina for more than two years in the ten years preceding 3 August 1951.

"5. That after returning to work for the defendant Duncan, the claimant worked a total of thirty-four working days or parts thereof prior to 15 June 1951.

"6. That the claimant worked on the following days for the defendant Duncan after 15 June 1951 as follows: June 18, 19, 20, 21, 22, 26, 27, 28, 29; July 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 23, 25, 26, 27, 30, 31; August 1, 2 and 3.

"7. That the claimant was last injuriously exposed to the hazard of inhaling dust containing free silica in employment in the period beginning 21 June 1951 and ending 3 August 1951, both dates inclusive; and that these thirty working days were within seven consecutive calendar months.

"8. That the defendant, American Casualty Company, was the insurance carrier for Robert H. Duncan when the claimant was last injuriously exposed to the hazards of silicosis.

"9. That the claimant now has the characteristic fibrotic condition of the lungs caused by the inhalation of dust containing free silica known as silicosis due to the inhalation of such dust in his employment.

"10. That the claimant has been periodically examined by the Division of Industrial Hygiene of the North Carolina State Board of Health; that he has been issued work cards at intervals; that the last work card was issued on 19 December 1946; that the claimant was given an X-ray ex-

21—239

amination by the Division of Industrial Hygiene on 12 June 1951; that this examination revealed that the claimant has moderately active pulmonary tuberculosis; that no dust pathology was diagnosed at that time; that the claimant presented himself at the Western North Carolina Sanatorium for examination on 21 July 1951; that at that time he was examined by Dr. C. D. Thomas a duly qualified specialist in pathology of the lungs; that Dr. Thomas made a diagnosis of active pulmonary tuberculosis and silicosis in the first stage; that the claimant was first advised by competent medical authority that he had silicosis on 21 July 1951; and that he filed his claim for compensation with the Industrial Commission on 16 August 1951.

"11. That the claimant's condition had progressed so that the X-ray made 21 July 1951 revealed the presence of silicosis I, while that on 12 June 1951 did not.

"12. That while employed by the defendant, R. H. Duncan, the claimant worked as a mucker, driller, and foreman in a feldspar mine; and was exposed to the inhalation of dust containing free silica.

"13. That the claimant continued to work until 3 August 1951; that he then quit; that he entered Western North Carolina Sanatorium for treatment of his pulmonary tuberculosis on 27 August 1951; and that he had applied for admission on 21 July 1951.

"14. That the claimant is still a patient at the sanatorium . . .

"15. That the claimant is now actually incapacitated because of silicosis from performing normal labor as a mucker, driller, and foreman in a feldspar mine, the last occupation in which he was remuneratively employed; and that this occurred on 3 August 1951.

"16. That the claimant now has active pulmonary tuberculosis which is sufficient alone to prevent him from working; and that his silicosis is sufficient to prevent him from performing normal labor in the last occupation in which remuneratively employed.

"17. That there is no reasonable basis upon which to conclude that the claimant possesses the actual or potential capacity of body and mind to work with substantial regularity during the foreseeable future in any gainful occupation free from the hazards of silicosis."

The conclusions of law made by the hearing commissioner, adopted by the full Commission and approved by Judge Moore, were to the effect that under G.S. 97-63, 97-62, 97-54, 97-58 (a), 97-57, the plaintiff was entitled to compensation, and that the defendant, R. H. Duncan, and the defendant, American Casualty Company, its insurance carrier during the period of last injurious exposure, *i.e.*, the thirty days during the period beginning 21 June, 1951 and ending 3 August, 1951, were liable for the payment of such compensation.

Thereupon, an award was made by the hearing commissioner, which was adopted by the full Commission and approved by Judge Moore which adjudged that the defendants R. H. Duncan and American Casualty Company pay compensation to the claimant at the rate of $18.00 per week, during four hundred weeks beginning 4 August 1951, not to exceed a total of $8,000.00, and that they pay all costs incurred, and discharged the defendant, Coal Operators Casualty Company, as a party defendant upon the ground that it had no liability for the payment of the plaintiff's claim.

The judgment of Judge Moore found that there was competent evidence to support the findings of fact of the full Commission and affirmed the award.

"To the rendition and signing of the foregoing judgment the defendant American Casualty Company, in apt time, objects and excepts and gives notice of appeal to the Supreme Court of North Carolina."

Here, the appellant assigns as error the rendering and signing of the judgment and also that Judge Moore affirmed the findings of fact and conclusions of law of the full Commission in blanket form without ruling specifically upon each of its exceptions to the action of the full Commission.

*Fouts & Watson for plaintiff, appellee.*
*Williams & Williams for defendant, appellant.*
*Proctor & Dameron for defendant, appellee.*

BOBBITT, J. In appealing from the hearing commissioner to the full Commission, and in appealing from the full Commission to the Superior Court, the appellant filed specific exceptions to a number of the findings of fact and conclusions of law and to the award. However, the appeal here is from the judgment of Judge Moore, no exceptions having been entered to his rulings as to particular findings of fact. In the absence of such exceptions, the appeal does not bring up for review the evidence upon which the findings of fact are based. The only question presented is whether the findings of fact are sufficient in law to support the judgment. *Worsley v. Rendering Co., ante,* 547; *Wyatt v. Sharp, post,* 655; *Glace v. Throwing Co., post,* 668.

It has been pointed out that we regard it to be the better practice for the Superior Court Judge to rule *seriatim* on each of the specific exceptions of the appellant to the findings of fact, conclusions of law and award of the full Commission. However, when the Superior Court Judge affirms *all* such findings of fact and conclusions of law and the award, it is in effect a ruling on *each* and all such exceptions; and in such case the appellant is in no way precluded from filing specific exceptions to each ruling on which he wishes to base an assignment of error upon appeal to this

court. *Fox v. Mills, Inc.*, 225 N.C. 580, 35 S.E. 2d 869. The procedure is fully explained by *Chief Justice Barnhill* in *Worsley v. Rendering Co., supra.*

The appellant, by brief and in oral argument, contends that he had no opportunity to file specific exceptions to the rulings of Judge Moore. There is nothing in the record before us that suggests that the appellant was precluded from doing so. A consideration of this contention would take us beyond the record and beyond the assignments of error. However, upon a careful review of the evidence we find that all of the findings of fact are amply supported by competent evidence and the appellant has suffered no harm on account of failure to comply with procedural requirements.

G.S. 97-57 provides: "In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable.

"For the purpose of this section when an employee has been exposed to the hazards of asbestosis or silicosis for as much as thirty working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious."

Any suggestion of comparative responsibility as between successive employers and their respective carriers, or as between successive carriers for the same employer, is dispelled by the plain language of the statute. The liability is upon the employer and carrier on the risk when the employee was "last injuriously exposed" to the hazards of silicosis as that expression is clearly defined in G.S. 97-57. *Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 22 S.E. 2d 275; *Bye v. Interstate Granite Co.*, 230 N.C. 334, 53 S.E. 2d 274. Under the findings of fact, this casts the liability upon the defendant R. H. Duncan, and upon the defendant American Casualty Company, its carrier.

The principal grievance of the appellant is that it was assigned this risk on 15 June, 1951; that the liability of Coal Operators Casualty Company terminated on that date; and that, while it is liable under the express terms of G.S. 97-57, it is unfair to impose this liability upon it because the plaintiff was permitted to work after 21 July, 1951, when he was advised that he had silicosis. The contention is that the employment of the plaintiff by Duncan after 21 July, 1951, was in bad faith, in effect a scheme to make the loss fall upon appellant. Again, consideration of this contention would take us beyond the record and beyond the assignments of error. Suffice it to say, there was no finding of fact and no evidence supporting any contention of bad faith on the part of the employer. The

evidence shows clearly that the claimant's work after 21 July, 1951, was in all respects the same as that he had performed prior thereto. In this connection, it should be noted that an employee cannot be forced to change his occupation or be removed therefrom even by order of the Industrial Commission except after hearing held after due notice. *Young v. White-hall Co.*, 229 N.C. 360, 49 S.E. 2d 797.

It is true that the employer or employer and carrier on the risk when the employee "was last injuriously exposed to the hazards of such disease" within the meaning of G.S. 97-57 must bear the liability, even though the disease has been present and has progressed over a long period of time. This situation gave rise to the necessity for assigning risks by the Compensation Rating and Inspection Bureau. (G.S. Ch. 97, Art. 2.) Each company underwriting workmen's compensation insurance in this State must accept its share of these undesirable assigned risks whenever the Bureau finds that the risk is in good faith entitled to such coverage. A particular risk, standing alone, may seem to impose an unreasonable burden on the carrier to which it is assigned. However, the long range result would seem to be as equitable as under any system that can be devised.

It is noteworthy that the appellant was the insurance carrier for Duncan from 15 June, 1951, to 31 December, 1951. The coverage included *all* of Duncan's employees, not the plaintiff alone. It is also quite possible that another employee of Duncan, within a short period after 31 December, 1951, suffered disablement from silicosis under factual conditions such that the new carrier had to bear the liability.

The applicant also contends that, by reason of the finding of fact that the claimant is suffering from tuberculosis as well as from silicosis, the *rate of payment* specified in the award should be reduced one-sixth under the provisions of G.S. 97-65. The Industrial Commission, after full consideration, declined to make such reduction; and we are of opinion that, under the language of this statute, this was a matter within its discretion.

It appearing that, upon application of the pertinent statutes to the findings of fact, the award in favor of plaintiff and against the defendants R. H. Duncan and American Casualty Company was fully justified, and finding no error of law in the rulings of the trial judge, the judgment of the Superior Court is

Affirmed.