PRESTON LEE MAYBERRY, EMPLOYEE, v. OAKBORO GRANITE AND MAR-
BLE COMPANY, EMPLOYER, AND PENNSYLVANIA THRESHERMEN
AND FARMERS' MUTUAL CASUALTY INSURANCE COMPANY, CAR-
RIER.

(Filed 14 December, 1955.)

1. **Master and Servant § 42b—**

The evidence supported the finding of the Industrial Commission that
the employee was exposed to the hazards of silica dust up to the time
of the termination of his employment for disability from silicosis. At that
time the employer had no compensation insurance, the policy having ex-
pired some nineteen days prior thereto. A majority of the Court being of
the opinion that the insurance carrier is liable at least *pro rata* in accord-
ance with the number of working days or parts thereof it was on the risk
during the last thirty days the employee worked, G.S. 97-57, the cause is
remanded for computation of the respective liabilities.

2. **Appeal and Error § 38—**

Where the Supreme Court is in a three-way division of opinion, without
a majority for any view, the cause will be disposed of in the manner sup-
ported by a majority without becoming a precedent for any of the divergent
views.

APPEALS by Oakboro Granite & Marble Company, Employer, and
Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance
Company, Carrier, from *Gwyn, J.*, February Term, 1955, of STANLY.

Proceeding under Workmen's Compensation Act wherein the requi-
site jurisdictional facts are stipulated.

Claimant was last remuneratively employed 19 February, 1953, on
which date he became disabled by the occupational disease of silicosis.

Claimant had been a stonecutter for twenty-six years. In that ca-
pacity, he had worked for this employer from 1940 until 19 February,
1953. This compensation carrier had insured the employer's risk since
1947, the term of its last policy being from 31 January, 1952, through
31 January, 1953. Upon expiration of this policy, the employer, unable
to obtain compensation coverage on a voluntary basis, endeavored to
obtain such insurance under the assigned risk provisions of G.S. 97-103.
However, on account of delay in obtaining assigned risk protection, the
employer had no compensation insurance from 31 January, 1953,
through 19 February, 1953.

The award directed that compensation benefits be paid by "the de-
fendant Pennsylvania Threshermen & Farmers' Mutual Casualty Com-
pany, as compensation carrier for the defendant Oakboro Granite &
Marble Company."

While admitting claimant was in its employment from 1 February,
1953, through 19 February, 1953, the employer, by its appeal, challenges

findings of fact to the effect that plaintiff was exposed to the inhalation of dust of silica or silicates after 31 January, 1953.

The compensation carrier, by its appeal, challenges the legal conclusion, upon the facts found, that it is obligated to discharge the employer's liability for compensation to claimant. Its contention is that it has no liability for disablement occurring after the expiration of the term of its policy.

Both defendants concede plaintiff is entitled to compensation benefits in the amount provided by the award. The sole question is whether defendant compensation carrier is obligated to discharge the employer's liability therefor or any part thereof.

*T. Burt Mauney for plaintiff, appellee.*

*Carpenter & Webb for defendant Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company, appellant and appellee.*

*Morton & Williams for defendant Oakboro Granite & Marble Company, appellant.*

PER CURIAM. The particular work in which claimant was engaged from 1 February, 1953, through 19 February, 1953, appears to have involved less hazard than other work in which he had engaged at prior times. Even so, we cannot say that there is insufficient competent evidence to support the challenged findings of fact. Therefore, the assignments of error of defendant employer are overruled.

All members of this Court agree that the employer is liable to the claimant for the full amount of the award.

Must the carrier discharge all or any part of the employer's liability therefor? All members of this Court agree that the determination of this question involves the construction to be placed on G.S. 97-57, which provides:

"Employer liable.—In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable.

"For the purpose of this section when an employee has been exposed to the hazards of asbestosis or silicosis for as much as thirty working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious."

From this point, the members of this Court find themselves in a three-way division of opinion.

*Barnhill, C. J.*, and *Denny* and *Parker, JJ.*, are of opinion that, since the last day of claimant's exposure to the inhalation of the dust of silica or silicates was 19 February, 1953, on which date disablement occurred, the liability of the employer was fixed as of that date; and that, since the carrier was not then on the risk, the award must be paid in full by the employer.

*Winborne* and *Higgins, JJ.*, are of opinion that exposure in February, 1953, being less than for thirty working days and less than a calendar month, should be disregarded as non-injurious; and that, since the carrier was on the risk during the period of injurious exposure prior to 1 February, 1953, the award must be paid in full by the carrier.

*Johnson* and *Bobbitt, JJ.*, are of opinion that the last thirty working days, or parts thereof, when claimant was exposed to the inhalation of the dust of silica or silicates, constitute the period of last injurious exposure and the basis of the employer's liability; and that, since the carrier was on the risk during part but not all of this period, the carrier must pay *pro rata* according to the number of working days, or parts thereof, in this period it was on the risk.

The result is that the only proposition on which four of us agree is that the carrier must pay *at least* a *pro rata* part of the award. Accordingly, this must be the basis for disposition of the appeal.

There is evidence in the record, but no findings of fact, that the last thirty working days, or parts thereof, of claimant's exposure, consists of sixteen working days prior to 1 February, 1953, and of fourteen working days after 31 January, 1953.

The award is vacated and the cause remanded to the North Carolina Industrial Commission for further proceedings. In such further proceedings, the Commission will find the facts as to the dates of the last thirty working days, or parts thereof, the claimant was exposed to the inhalation of the dust of silica or silicates. Upon determining the number thereof prior to 1 February, 1953, and the number thereof subsequent to 31 January, 1953, the Commission will fix the portions of the award to be discharged by the employer and the carrier, respectively.

This disposition of this case does not become a precedent for any of the indicated divergent views. Hence, the members of this Court have refrained from setting forth at large the reasons for their respective opinions.

In view of the present conflict of opinions as to the construction of G.S. 97-57, as related to a factual situation such as that here presented, the need for legislative clarification is indicated.

Error and remanded.