PAUL OAKS v. CONE MILLS CORPORATION (Employer) and LIBERTY MUTUAL INSURANCE COMPANY (Carrier).

(Filed 10 December, 1958.)

**Master and Servant § 53b(1)—**

    Compensation for permanent partial disability in the loss of the use of the employee's hand resulting from an accident occurring prior to the effective date of the amendment to G.S. 97-31(t) is the minimum of $10 per week prescribed by G.S. 97-29, for 170 weeks, notwithstanding that the employee had returned to work after the termination of his total temporary disability.

APPEAL by defendants from *Phillips, J.,* 6 October Civil Term 1958 of GUILFORD (Greensboro Division).

This is a Workmen's Compensation case. Paul Oaks, an employee of the Cone Mills Corporation, whose compensation insurance carrier was Liberty Mutual Insurance Company, sustained an injury by accident arising out of and in the course of his employment with said employer on 24 April 1957, resulting in a five per cent permanent partial disability or loss of the use of his right hand.

Liability was admitted and the parties entered into an agreement for the payment of compensation which was approved by the North Carolina Industrial Commission on 23 May 1957. Pursuant to said agreement the plaintiff was paid compensation for temporary total disability from 24 April 1957, the date of the accident, up to 16 September 1957, the date of his return to work.

The parties entered into a supplemental agreement dated 9 May 1958 which was submitted to the Industrial Commission for approval. The supplemental agreement between the employee and the defendant employer and its carrier provided that the employee would be paid for a five per cent loss of the use of his right hand at the maximum compensation rate of $32.50 per week for a period of 8½ weeks. This agreement was disapproved by the Industrial Commission on the ground that, the opinion in the case of *Kellams v. Metal Products,* 248 N.C. 199, 102 S.E. 2d 841, held that the correct formula was to multiply the percentage of permanent partial disability for 170 weeks, the period specified in G.S. 97-31 for the loss of a hand, by sixty per cent of the average weekly wage, and apply the minimum of $10.00 per week as provided in G.S. 97-31 (u) resulting in payment for 170 weeks at $10.00 per week.

The hearing Commissioner found the facts and made an award under the terms of which the employee was awarded 170 weeks of compensation at the rate of $10.00 per week beginning 16 September 1957, the date of his return to work, for a five per cent permanent partial disability of his right hand.

The defendants appealed to the Full Commission where the findings of fact and conclusions of law of the hearing Commissioner were in all respects affirmed. Defendants thereupon appealed to the Superior Court of Guilford County upon exceptions and assignments of error duly filed, and the judge of the Superior Court entered judgment affirming in all respects the findings of fact, conclusions of law and the award of the Commission.

The defendants appeal to the Supreme Court, assigning error.

*Robert S. Cahoon, Robert L. Scott, George W. Gordon for plaintiff.*
*Smith, Moore, Smith, Schell & Hunter for defendants.*

PER CURIAM. The only question presented for determination on this appeal is: What is the correct method of computing compensation in cases of permanent partial disability under G.S. 97-31 for scheduled partial loss or loss of the use of specific members of the body?

It is conceded by the appellants that the award below must be affirmed unless *Watts v. Brewer,* 243 N.C. 422, 90 S.E. 2d 764 is reconsidered and modified or overruled.

The General Assembly in Chapter 1396 of the 1957 Session Laws of North Carolina amended G.S. 97-31 (t) as the same appeared in the 1955 Cumulative Supplement to Volume 2C of the General Statutes by striking out the word "payment" as the same appeared in line four of said subsection and inserting in lieu thereof the words "periods of payment."

Certainly the statute as amended would warrant the interpretation the defendants seek to have placed upon it prior to the amendment thereof. However, the amendment did not become effective until 1 July 1957, while the injury involved herein occurred on 24 April 1957.

We have carefully considered the record on this appeal and the excellent briefs filed on behalf of the respective parties, but in our opinion *Watts v. Brewer, supra,* and *Kellams v. Metal Products, supra,* should not be modified with respect to an injury sustained prior to 1 July 1957.

Affirmed.

PARKER, J., not sitting.