EARL HARTSELL, EMPLOYEE v. THERMOID COMPANY, SOUTHERN DIVISION; LIBERTY MUTUAL INSURANCE COMPANY AND EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN.

(Filed 25 February, 1959.)

### 1. Appeal and Error § 49—

Findings of fact supported by evidence are conclusive on appeal.

### 2. Master and Servant § 40f—

Upon disability from asbestosis, it must be assumed that even the last five days the employee was exposed to asbestos dust contributed to the injury, and such presumption supports a finding to that effect.

### 3. Master and Servant § 53e—

The 1957 amendment to G.S. 97-57 became effective 1 July, 1957, and where an employee ceases work because of disability from asbestosis prior to that date, the amendment is not applicable in determining liability for such disability.

### 4. Same—

G.S. 97-57 is clear as to which employer is liable for disability from asbestosis, the statute providing that the employer in whose service the employee was last exposed to the hazards of the disease for as much as thirty working days, or parts thereof, within seven consecutive calendar months, should be liable, but in those instances in which different insurance carriers are on the risk during such thirty-day period, the statute, prior to the 1957 amendment, makes no provision as to the respective liabilities of the insurers, and therefore their liabilities must be determined in accordance with the policy contracts.

### 5. Constitutional Law § 10—

The Supreme Court is not a law-making body, but must interpret the law as written.

### 6. Constitutional Law § 7:   Master and Servant § 45—

The General Assembly may not delegate its authority to legislate to a court or commission, and a decision or rule of the Industrial Commission does not have the force of law.

### 7. Master and Servant § 53e—

Where an employee becomes disabled from asbestosis while working

for a single employer, but different insurers are on the risk during the employee's last thirty days exposure to the hazards of the disease, the carrier last on the risk, even though it was on the risk for only the last five days the employee worked. is solely liable for the award under the provision of the policy contracts that each policy should apply only to injury by disease of which the last day of the last exposure occurs during the policy period. there being no statutory provision governing the respective liabilities of the insurers in such instance prior to the 1957 amendment to G.S. 97-57.

**8. Contracts § 12—**

A party will not be relieved from its contractual obligations in the absence of mistake, duress, illegality or fraud.

**9. Master and Servant § 53e—**

Under the Workmen's Compensation Act, an employee has the right to enforce against the insurer the contract of insurance made for his benefit. G.S. 97-98.

**10. Master and Servant § 55d—**

An exception to the failure of the Industrial Commission to make a pertinent finding supported by evidence must be sustained.

HIGGINS, J., dissenting.

WINBORNE, C. J., concurs in dissent.

APPEALS by defendants, Thermoid Company, Southern Division; Liberty Mutual Insurance Company and Employers Mutual Liability Insurance Company of Wisconsin, from *Pless, J.,* May Special Term, 1958 of MECKLENBURG, docketed and argued as No. 245 at the Fall Term, 1958.

This is a proceeding under Workmen's Compensation Act to recover compensation for disability from asbestosis, an occupational disease.

Claimant was regularly and remuneratively employed by Thermoid Company, Southern Division, from 1919 through 11 January, 1957, and was at all times during the employment exposed to inhalation of asbestos dust. He was so exposed in said employment in North Carolina for more than two years within the 10 years immediately preceding his last exposure; and was so exposed as much as 30 working days, or parts thereof, within 3 calendar months immediately preceding his last exposure on 11 January, 1957. Since that date he has not been employed and has earned nothing.

Claimant was first advised by competent medical authority that he had asbestosis in 1942. He was periodically examined by the Division of Industrial Hygiene of the State Board of Health and was advised by it on 20 April, 1956, that his asbestosis had reached the second

stage and that he should get out of the dusty trade entirely. He continued to work in the trade until 12 January, 1957, when he voluntarily removed himself from such employment. At this time he had 90% total disability on account of the disease.

The last 30 working days, or parts therof, of claimant's injurious exposure consisted of 25 working days prior to 1 January, 1957, and 5 working days in January, 1957. He worked January 7, 8, 9, 10, and 11, 1957. During the first 6 days in January he conferred with the Industrial Commission and doctors in Raleigh.

Employers Mutual Liability Insurance Company of Wisconsin (hereinafter referred to as Employers Company) was insurance carrier for the employer continuously from 1941 through 31 December, 1956. The Liberty Mutual Insurance Company (hereinafter referred to as Liberty Company) was insurance carrier for the employer at all times subsequent to 31 December, 1956.

The Industrial Commission awarded compensation to claimant and assessed five sixths thereof against Employers Company and one-sixth against Liberty Company.

From judgment of the Superior Court affirming the findings of fact, conclusions of law, and award of the Commission, defendant Thermoid Company, and the carriers, Employers Company and Liberty Company, appealed, assigning error.

*Robert L. Scott, for plaintiff, appellee.*

*Carpenter & Webb, for Employers Mutual Liability Insurance Company of Wisconsin and Thermoid Company, appellants.*

*Helms, Mulliss, McMillan & Johnston for Thermoid Company and Liberty Mutual Insurance Company, appellants.*

MOORE, J. All appellants concede that plaintiff, claimant, is entitled to compensation benefits as provided by the Workmen's Compensation Act. The sole question before us is: By whom shall compensation be paid?

The findings of fact to which appellants except are supported by evidence and are therefore conclusive and binding. *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668.

Liberty Company seriously contends that there is no evidence to support the finding that claimant was injured by the exposure during the 5 days he worked in January, 1957. There is evidence that he was exposed to inhalation of asbestos dust during this period and that he was 90% disabled when he ceased work. To have found that he was not injured by this exposure, "the Commission would have been

forced to accept the view that . . . there was no longer any sound tissue in the lungs to be scarred. We must assume, because he still lived and breathed, he was capable of further injury." *Haynes v. Producing Co.*, 222 N.C. 163, 22 S.E. 2d 275.

To reach a solution of the question involved in this case, G.S. 97-57 must first be considered and construed. Prior to July, 1957, it was as follows:

> "In any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable.
>
> "For the purpose of this section when an employee has been exposed to the hazards of asbestosis or silicosis for as much as thirty working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious."

G.S. 97-57 was amended by section 7, Chapter 1396 of the Session Laws of 1957. This amendment did not become effective until 1 July, 1957. This cause of action arose 11 January, 1957. So the amendment has no application to this case. *Oaks v. Mills Corporation*, 249 N.C. 285, 106 S.E. 2d 202.

The case at bar would have presented no problem had the amendment been effective on 11 January, 1957. We must examine G.S. 97-57 as it existed at the time the cause of action accrued and as set out above.

Under this statute the "employer in whose employment the employee was last injuriously exposed . . . shall be liable." And "when an employee has been exposed . . . for as much as thirty working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious." It is clear that liability falls upon that employer in whose service the employee was "last injuriously exposed," that is, "exposed for as much as thirty working days, or parts thereof, within seven consecutive calendar months." As between employers, no difficulty arises in determining the one responsible. "It takes the breakdown practically where it occurs." *Haynes v. Producing Co., supra.* See also *Stewart v. Duncan*, 239 N.C. 640, 80 S.E. 2d 764, and *Bye v. Granite Co.*, 230 N.C. 334, 53 S.E. 2d 274.

Plaintiff has had only one employer—Thermoid Company. So the defendant Thermoid Company is liable for plaintiff's compensation.

The defendant does not deny this, but contends that one or both of the insurance carriers should pay the compensation. With this we agree.

G.S. 97-57 provides that "the insurance carrier, if any, which was on the risk when the employee was *so* last exposed . . . shall be liable." (Emphasis ours) This plainly provides that the insurance carrier which was on the risk during the 30 working days, or parts thereof, which constituted injurious exposure, shall be liable. Employers Company was on the risk only 25 days during the exposure in question, and Liberty Company only 5 days. The statute provides that exposure for less than 30 working days, or parts thereof, "shall not be deemed injurious."

Liberty Company contends that it is not liable because 5 days do not constitute injurious exposure and it was, therefore, not on the risk when the plaintiff was "last injuriously exposed"; and that it was not liable because, as between it and Employers Company, the liability should fall on Employers Company, which was on the risk for *a* period of 30 working days within the last 7 months of the employment. Liberty Company also contends that, at the very least, the liability should be prorated between the carriers as set out in the award, since they, together, were on the risk when plaintiff was "last injuriously exposed," and the ratio of time on the risk as between them was that established by the award.

Employers Company contends that it should not be liable because 25 working days do not constitute "injurious exposure" and it was, therefore, not on the risk when plaintiff was "last injuriously exposed." It further contends that by the terms of the policy of insurance issued by Liberty Company to defendant, employer, Liberty Company is solely liable.

It must be borne in mind that G.S. 97-57 defines "last injurious exposure" for the purpose of determining the responsible employer. It applies to the insurance carrier only when the carrier was on the risk when the employee was "last injuriously exposed." The General Assembly did not have in mind a dispute, such as this case presents, between insurance carriers. If the statutory definition of "last injurious exposure" is literally applied as intended, neither of the carriers is liable so far as G.S. 97-57 is concerned. But, if we stop here, we have the anomalous situation of the employer having obtained and paid for insurance that does not protect employer or employee.

It is necessary that we answer some questions raised by the contentions of the carriers, Liberty Company and Employers Company.

1. Is it required that the last 30 working days during the last seven months of employment be considered "last injurious exposure" in

preference to any other 30 consecutive working days during the seven months? In other words, may the Commission arbitrarily select 30 consecutive working days, the last day of which would be in December, 1956, so as to have the "last injurious exposure" at a time when Employers Company was on the risk? As between employers, the statute does exactly this sort of thing. As between insurance carriers, the Workmen's Compensation Act gives no answer to the question. But it would be inconsistent and lead to utter confusion if there were a different period of "last injurious exposure" for employers and insurance carriers. Recognizing this, the General Assembly in the Amendment of 1957, above referred to, placed the carrier liability on a different basis. The Workmen's Compensation Act is primarily for the protection and benefit of the employee, and he is entitled to know with certainty when his right of action accrues. We hold that the last 5 days (in January, 1957) of plaintiff's employment must be included in the "last injurious exposure."

2. May the two carriers, Employers Company and Liberty Company, together, be considered "the insurance carrier . . . which was on the risk when the employee was . . . last (injuriously) exposed"? Such construction is not entirely unreasonable and seems equitable and morally right. It is in accord with the result in *Mayberry v. Marble Co.*, 243 N.C. 281, 90 S.E. 2d 511, but is not the basis for the decision therein. The Industrial Commission followed the *Mayberry* case in making its award in the instant case. The difficulty is that the Workmen's Compensation Act does not so provide and the General Assembly apparently did not consider that it had made provision for such a problem as presented in the case at bar. Hence the amendment of 1957, referred to above and inapplicable in this case.

The Court is not a law-making body—it interprets the law as written. The General Assembly may not delegate its authority to legislate to a court or commission. A decision or rule of the Industrial Commission does not have the force of law. *Motsinger v. Perryman,* 218 N.C. 15, 9 S.E. 2d 511; *Haynes v. Producing Co., supra.*

The two insurance carriers will not be considered as having been jointly on the risk in the case at bar.

3. Is Liberty Company solely liable in this case under the terms of the policy issued by it to defendant, employer? Where the act does not define the responsibility of the insurance carrier to insured and to employee, the insured must look to his contract or policy of insurance. It is true all relevant provisions of the Workmen's Compensation Act become a part of each policy of insurance procured pursuant

to the Act. G.S. 97-99. But with respect to the query in this case, there is no relevant provision of the law.

Both the policy of Employers Company which expired 31 December, 1956, and the policy of Liberty Company in effect from and after said date, contained the following:

> "This policy applies only to injury . . . by disease caused or aggravated by exposure, of which the last day of the last exposure in the employment of the insured, to conditions causing the disease occurs during the policy period."

The last day of plaintiff's "last injurious exposure" occurred during the policy period of the policy issued by Liberty Company. The provision, therefore, excludes Employers Company from liability and places liability squarely upon Liberty Company. The courts will not relieve a party from its contractual obligations in the absence of mistake, duress, illegality, or fraud. Liberty Company is solely liable in this case.

Under the Act, plaintiff has the right to enforce the insurance contract made for his benefit. G.S. 97-98.

The decision reached by us is in accord with the authorities in other jurisdictions in like and similar cases. *Trimboli v. Instrument Co.*, 66 N.Y.S. 2d 39; *Insurance Co. v. Industrial Commission*, 157 P. 2d 800; *Insurance Corporation v. Merritt*, 75 N.E. 2d 803; *Insurance Co. v. McCormick*, 217 N.W. 738. We find no cases *contra* unless *Mayberry v. Marble Co.*, *supra*, may be so considered.

Employers Company's assignment of error No. 4 was addressed to the failure of the Industrial Commission to find as a fact that the insurance policy issued to defendant employer by Liberty Company contained the provision above quoted in this opinion. The policy in question was admitted in evidence and sent as a part of the case on appeal. The failure to find this essential fact was error.

This case is remanded to the Industrial Commission, and the Commission shall modify its findings of fact, conclusions of law and award in accordance with this opinion, and further proceed in this case as provided by the Act.

Liberty Company shall pay the costs of the appeal.

On defendant employer's appeal—Affirmed.

On Liberty Company's appeal—Modified and affirmed.

On Employers Company's appeal—Error and remanded.

HIGGINS, J., dissenting.

The amendment to G.S. 97-57 was intended to take care of the

uncertainty as to carrier liability discussed in *Mayberry v. Marble Company*, 243 N.C. 281. Decision in the instant case must be under the Act as it existed before the amendment.

Asbestosis is of slow onset. The injurious effect of asbestos dust is almost imperceptible in its buildup to the point of disability. For that reason I think the statute said exposure for less than 30 days shall not be deemed injurious.

The claimant worked for the employer from 1919 until January 11, 1957. Employers Mutual was on the risk from 1941 until December 31, 1956. For 11 days in January, 1957, Liberty Mutual was on the risk. During this 11-day period claimant actually worked five days. In view of the provision that exposure for less than 30 days shall not be deemed injurious, I think the employer's liability cannot be fixed during any period of employment for less than 30 days, and that, therefore, the employer's liability must, for that period, antedate January 11, 1957, when the claimant quit work; and that the injurious exposure related back to a time when Employers Mutual was on the risk.

The claimant was found to have the disabling injury and to have quit work on January 11, 1957. The last 30 days exposure period was in December, 1956. Suppose the claimant had not worked at all after December 31, 1956; or that he had changed to another employer with a new insurance carrier beginning January 1, 1957. Could it be said that the new employer is liable? I agree the employer is bound in any event, but I think the Employers Mutual and not Liberty Mutual was the carrier on the risk when the employer became liable.

WINBORNE, C. J., concurs in dissent.