JAMES CLIFTON PEELER v. STATE HIGHWAY COMMISSION, SELF-INSURED

No. 126

(Filed 27 January 1981)

Master and Servant § 75— workers' compensation — future medical expenses — statute not applied retroactively

The 1973 amendment to G.S. 97-25 which eliminated the ten-week limitation for the recovery of medical expenses for an employee's treatments which are necessary "to effect a cure or give relief" will not be applied retroactively to a case in which the claim arose out of an accident occurring prior to the effective date of the amendment.

Justice MEYER did not participate in the consideration or decision of this case.

APPEAL by plaintiff from decision of the North Carolina Court of Appeals reported at 48 N.C. App. 1, 269 S.E.2d 153 (1980), affirming the award of the North Carolina Industrial Commission which affirmed in part and vacated in part the order entered 24 April 1978 by *Deputy Commissioner C. A. Dandelake.*

This case arises from a claim filed under the Workers' Compensation Act by plaintiff, an employee of the State Highway Commission, seeking compensation and medical expenses for injuries resulting from an accident arising out of and in the course of his employment as an engineer's aide when he was run over by a motor grader on 22 October 1969. Defendant employer admitted liability for the accident and entered into an agreement with plaintiff which provided that he be compensated for his temporary total disability for the period 30 October 1969 to 22 March 1973.

On 22 March 1978, the cause came on for hearing before Deputy Commissioner Dandelake. All of the evidence which was received at the hearing was by way of stipulations of counsel for both parties. Upon this evidence, the deputy commissioner found as a fact that as a result of an accident arising out of and in the course of his employment, plaintiff had sustained an injury which had resulted in a 20% permanent partial disability of his back, a 28% permanent partial disability of his right leg, and a 5% permanent disability of his left leg; that plaintiff had sustained permanent injuries to "important external and internal" organs of the body which resulted in his total and permanent impotence; and plaintiff has lost complete use of his bladder and his secondary sexual organs

such as his prostate gland and seminal vesicles. The deputy commissioner also made the following findings of fact, to which defendant employer took exception:

> He will require the continued use of an external drainage apparatus because of the necessity to create a urinary diversion above the bladder. That the plaintiff will also have to have continued treatment two times a year for an ileo-loop stomo in the right lower quadrant of the abdomen which will require permanent use of a collection appliance. These are synthetic material which will require repeated replacement and, therefore, will require a necessary replacement periodically to tend to lessen his disability.
>
> * * *
>
> The plaintiff's doctors are also of the opinion that plaintiff will have to be seen regularly at least two times a year as the plaintiff will continue to have disability related to his urinary tract because of the ileo-loop urinary tract infections or may even develop a chrinic [sic] urinary tract infection which may predispose to calculus or stone formation and may develop certain electrolite imbalances or even progress to renal sufficiency with associated azotemia and anemia and possible acidosis. In order to avoid this type of complication he will need periodic evaluation to consist of complete blood counts with serum, Bun and Creatinine and Electrolyte determinations. He will also require periodic urinalysis directly from the ileo-loop along with quantitive urine cultures and drug sensitivities if indicated. He should also have periodic x-ray evaluation of the ileo-loop and of the kidneys to determine both anatomic and functional status. That the x-ray procedure be done at yearly intervals and that the urinalysis and cultures and blood studies be done at three to six month intervals. He may need surgical removal of the retained bladder if he continues to have difficulty with fluid accumulations with possible secondary infections in the bladder. That the plaintiff will also continuously wear a long leg waist height support. (That all of the above will be required to keep plaintiff's condition from worsening.)

Thereupon, plaintiff was awarded compensation for permanent partial disability in the amount of 126 weeks at $46.80 per week for a total of $5,896.80; compensation for plaintiff's impotence in the amount of $5,000; and compensation for plaintiff's loss of his bladder and prostrate gland in the amount of $1,861.60.

None of the foregoing award has ever been challenged by defendant employer. However, on appeal to the full Industrial Commission by defendant, the conclusion of the deputy commissioner that "[P]laintiff will need additional medical expenses from time to time in the future to lessen his permanent partial disability . . ." was ordered stricken. The corresponding portion of the deputy commissioner's order which directed defendant employer to ". . . pay future medical expenses for treatment as recommended by plaintiff's doctor so long as it will tend to lessen his period of disability" was also ordered stricken.

On appeal by plaintiff, the Court of Appeals, in an opinion by Judge Parker, concurred in by Chief Judge Morris, affirmed the decision of the full commission. Judge Robert M. Martin dissented, and plaintiff appealed pursuant to G.S. § 7A-30(2).

*Attorney General Rufus L. Edmisten, by Assitant Attorney General Ralf F. Haskell, for the State.*

*Williams, Willeford, Boger, Grady & Davis, by Thomas M. Grady, for plaintiff-appellant.*

PER CURIAM.

In a clear and well-written opinion, Judge Parker, speaking for the Court of Appeals, held that:

(1) The action of the full Industrial Commission in striking the conclusion of the deputy commissioner that "[p]laintiff will need additional medical expenses from time to time in the future to lessen his permanent partial disability", as well as the portion of the award which required defendant employer to pay plaintiff's future medical expenses "so long as it will tend to lessen (plaintiff's) period of disability", was, in effect, a conclusion of law reviewable by the appellate courts.

(2) G.S. § 97-29 authorizes a claimant to recover compensation for medical care only when the disability is found to be *total* and permanent. That statute cannot be relied upon to support the action

of the deputy commissioner because there had been an express finding that plaintiff had suffered a permanent *partial* disability.

(3) G.S. § 97-25 authorized, at the time of plaintiff's injury, an award of expenses for medical treatment only when: (a) It was reasonably required to effect a cure or give relief within ten weeks of the injury. (b) After the ten-week period, when, in the judgment of the Industrial Commission, the treatment was reasonably required to lessen the period of disability. The conclusion of law by the deputy commissioner was to the effect that these medical expenses will be necessary only to lessen plaintiff's permanent partial disability, not that they would tend to lessen the period of his disability. While this conclusion of law flows logically from the findings of fact, it does not provide a basis upon which medical expenses could be properly awarded, and the full commission acted correctly in ordering that it be stricken. At most, the findings indicate that the treatment is necessary to prevent plaintiff's condition from deteriorating, not that it will tend to lessen the period of disability.

We are in full agreement with the majority opinion of the Court of Appeals. The only issue that remains for our consideration is that posed by the dissent of Judge Robert M. Martin: Whether this court, in the recent case of *Schofield v. Great Atlantic & Pacific Tea Co.*, 299 N.C. 582, 264 S.E.2d 56 (1980), retroactively applied a 1973 amendment to G.S. § 97-25 in such a manner as to enable plaintiff to recover future medical expenses.

At the time of plaintiff's injury, G.S. § 97-25 provided that

> Medical, surgical, hospital, nursing services, medicines, sick travel, and other treatment including medical and surgical supplies as may reasonably be required, for a period not exceeding ten weeks from date of injury to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability, . . . shall be provided by the employer.

G.S. § 97-25 (1965).

The 1973 Session of the General Assembly amended the statute to provide that

> Medical, surgical, hospital, nursing services, medicines, sick travel, rehabilitation services, and other

> treatment including medical and surgical supplies as
> may reasonably be required to effect a cure or give relief
> and for such additional time as in the judgment of the
> Commission will tend to lessen the period of disability, . . .
> shall be provided by the employer.

It was the position of the dissent that the 1973 amendment was retroactively applied by this court in *Schofield*; and that the statute as amended requires employers to provide medical care which is reasonably required (1) to effect a cure, (2) give relief, or (3) if additional time is required, to lessen the period of disability. Judge Martin concluded that it was clear upon the present record that the continuing medical treatment which plaintiff will require for the rest of his life as a result of his permanent injuries will never effect a cure or lessen the period of his disability. However, he concluded that there was ample evidence in the record to support a finding that such treatment is reasonably required to give relief. Judge Martin observed that the manifest intention of the legislature in enacting the amendment was to eliminate the previous ten-week limitation on treatments which are necessary to effect a cure or give relief.

The position taken by the dissent that this court retroactively applied the 1973 amendment in *Schofield* is erroneous for two principal reasons.

First, while it is the general rule that the Workers' Compensation Act should be liberally construed so that the benefits arising under the Act will not be denied by narrow or technical construction, *e.g., Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E.2d 281 (1972), that rule is subject to the principle that a statute will not be construed to have retroactive effect unless that intent is clearly expressed in the legislation or arises by necessary implication from its terms. In re Will of Mitchell, 285 N.C. 77, 203 S.E.2d 48 (1974); *see generally* 1A D. Sands, Statutes and Statutory Construction § 22.36 (1972); *compare Arrington v. Stone & Webster Engineering Corp.*, 264 N.C. 38, 140 S.E. 2d 759 (1965); *Hartsell v. Thermoid Co.*, 249 N.C. 527, 107 S.E.2d 115 (1959); *Oaks v. Cone Mills Corp.*, 249 N.C. 285, 106 S.E.2d 202 (1958). By its very terms, the amending legislation provides that it is to be effective "from and after July 1, 1973." Such language provides no room for a judicial construction otherwise.

Second, close analysis of the *Schofield* opinion indicates that the statutory provision at issue in the present case had no bearing whatsoever on the issues then presented to the court for its review. It will be noted that *Schofield* held that G.S. § 97-25 authorizes an employee to seek treatment in an emergency by a physician other than that selected by an employer where the employer's failure to provide medical services amounts merely to an inability to provide such care. The provision of the statute which is at issue in the present case was in no way involved in *Schofield* other than being set out in the opinion in a block quotation with the entire statutory section which happens to also include the pertinent provisions for emergency treatment, an issue upon which the decision ultimately turned. The question of retroactivity of the 1973 amendment was not even addressed by the court because the amendment in no way altered the provisions of the statute which dealt with emergency care.

It follows, therefore, that since we intimated and intended no retroactive application of the 1973 amendment in *Schofield*, and affirmatively disclaim such concept herein, it is irrelevant that the Industrial Commission failed to make any findings of fact as to whether the medical treatment involved was reasonably required to give relief.

For the reasons stated, the decision of the Court of Appeals is

Affirmed.

Justice MEYER did not participate in the consideration or decision of this case.