MRS. C. J. FETNER, SISTER; HELEN J. WRIGHT, GUARDIAN; PRESTON T. WRIGHT, BROTHER; MARVIN F. WRIGHT, EMPLOYEE, v. ROCKY MOUNT MARBLE & GRANITE WORKS, NON-INSURER (EMPLOYER); UNITED STATES FIDELITY & GUARANTY COMPANY, CARRIER.

(Filed 25 November, 1959.)

**1. Master and Servant § 66—**

An employee is capable of further injury from exposure to silica dust so long as he lives and breathes.

**2. Same—**

G.S. 97-57 creates an irrebuttable legal presumption that the last thirty days of work within seven consecutive calendar months in an employment subjecting an employee to the hazards of silica dust, is the period of last injurious exposure. Therefore, the Industrial Commission may not select any other thirty days of employment within the seven months' period as the last period of exposure even though there be testimony that the employee was incapacitated from performing any normal labor in such employment prior thereto.

**3. Master and Servant § 79—**

Where an employee works in his occupation subjecting him to the hazards of silica dust for fifty-two days during the two months thirteen days after the termination of the policy of compensation insurance of the employer, the insurer in such policy is not on the risk during the last thirty days of exposure, and therefore is not liable for compensation.

**4. Waiver § 2—**

The essentials of a waiver are the existence at the time of the alleged waiver of a right, advantage or benefit, and an intention to relinquish such right, advantage or benefit.

**5. Master and Servant § 69a—**

Under G.S. 97-61, prior to the 1955 and 1957 amendments, an employee does not forfeit his right to compensation for silicosis unless he has received temporary compensation under the provisions of that section.

**6. Same—**

A waiver of an employee's right to compensation for silicosis signed by the employee upon his employment by one employer does not apply to or waive the employee's right to compensation for silicosis upon his subsequent employment by an entirely separate employer.

**7. Same—**

Whether compensation for death from silicosis should be reduced when the death is complicated by tuberculosis rests in the sound discretion of the Industrial Commission.

**8. Master and Servant § 94—**

The jurisdiction of the Superior Court on appeal from the Industrial Commission is limited to matters of law, and the Superior Court may not find additional facts or make an award.

HIGGINS, J., not sitting.

APPEAL by Rocky Mount Marble & Granite Works and United States Fidelity & Guaranty Company from *Frizzelle, J.,* May 1959 Civil Term, of NASH.

This is a proceeding under the Workmen's Compensation Act to recover compensation for the death of Marvin F. Wright from silicosis.

The evidence before the Hearing Commissioner is summarized as follows:

Marvin F. Wright, hereinafter referred to as "employee," had been a stonecutter in the granite industry for approximately 31 years prior to his death. It was stipulated that he was exposed to silica dust in North Carolina in excess of two years within the ten years immediately preceding the date of his death. He was first examined by a physician of the Industrial Hygiene Department on 19 October 1939. Prior to 1949 he had been issued a work card authorizing his employment in the dusty industry. He was examined by Dr. Swisher of the Industrial Hygiene Department on 4 March 1949, and was found to be affected by silicosis in the early second stage. He was advised of his condition and was refused a work card. He was again examined on 9 August 1950 and was then found to be in the early third stage of silicosis. On 10 August 1950 he requested permission from the Industrial Commission to accept employment by Cole-Willard Stone Company of Raleigh and signed a waiver of compensation in accordance

with the provisions of G.S. 97-61. The Commission approved the waiver and granted permission for him "to enter the employment as stated, until 20 December 1950 and no further." He was employed by Cole-Willard Stone Company from 26 July 1950 to 19 October 1950. Rocky Mount Marble and Granite Works, hereinafter referred to as "defendant," employed him as stonecutter from 4 November 1950 to 29 September 1951. The United States Fidelity & Guaranty Company, hereinafter referred to as "carrier," was compensation insurance carrier for defendant from 16 April 1951 to 16 July 1951. After 16 July 1951 defendant was not insured. Employee was examined by Dr. Swisher on 5 July 1951 and was found to be in the third stage of silicosis. Dr. Swisher testified: "In my opinion Mr. Wright was incapacitated from performing any normal labor as a stonecutter on July 5, 1951." Employee worked regularly and continuously while employed by defendant. The record shows that during the period from 4 November 1950 to 16 July 1951 he worked 162 full eight-hour days and a part of 7 days and was absent 6 days. It also shows that during the period from 16 July 1951 to 29 September 1951 he worked 52 full eight-hour days and a part of 1 day and was absent 2 days. In his work as a stonecutter for defendant he was exposed to silica dust. After 29 September 1951 he was not employed anywhere. He went to the home of his sister, one of the plaintiffs, on 6 October 1951. He was unable to work. She nursed him. He had "shortness of breath and could scarcely walk up and down the steps; he was very pale and had very little appetite; he had a dry cough and complained of pains in his chest." He died 22 November 1951. Dr. Brown, who treated him in his last illness, testified: ". . . he had chronic and acute pulmonary disease . . . disease of the lungs." Dr. Brown stated in the death certificate that silicosis was the "disease or condition directly leading to death," and that "possible tuberculosis" was a contributing condition. Dr. Swisher defined and discussed silicosis as follows:

"Silicosis is the inhalation of silica dust from granite and from other rock that contain silicious dust it affects the lungs. There are three stages of diagnosed silicosis, first, second and third; and progression may continue even if the man is taken out of the dust, but if he continues to inhale the dust he is more susceptible to a rapid development. The third stage, just a more concentration of the dust affecting more of the lung space. . . . The physical symptoms and manifestations of silcosis in the third stage are: Lips are cyanotic, nails are cysnotic and bowed, chest expansion is greatly reduced, extremely short of breath, loss of weight as a rule, sometimes heart will

show decompensation, breath sounds are greatly diminished, appetite poor, cough which is generally productive, difficult to sleep at night lying on their back, blood pressure occasionally increased. . . . (T)here is no cure."

It was stipulated that from 16 July 1951 to 30 September 1951 defendant and employee were subject to and bound by the provisions of the North Carolina Workmen's Compensation Act.

The Hearing Commissioner found facts in substance as set out in the foregoing summary. He concluded as a matter of law *inter alia:* (1) "that deceased was last exposed to the hazards of inhaling dust containing silica or silicates in employment during thirty working days or parts thereof during seven consecutive calendar months immediately preceding 29 September 1951 while employed by the defendant . . . and that this constituted his last injurious exposure to the hazards of silicosis"; (2) "That on 29 September 1951 the deceased became actually incapacitated by reason of silicosis from performing his normal labor in the last occupation in which he was remuneratively employed"; (3) that petitioners are entitled to ordinary compensation for death of employee pursuant to G.S. 97-58 and G.S. 97-38 and that defendant is liable therefor; and (4) that defendant has no rights under the waiver signed by employee on 10 August 1950 and the amount of compensation is not limited by the provisions of G.S. 97-61. The award dismissed carrier as a party defendant and adjudged that defendant pay the compensation.

Plaintiffs and defendant applied for review by the Full Commission. After hearing, the Full Commission on 13 September 1955 adopted as its own the findings of fact and conclusions of Law of the Hearing Commissioner and affirmed the award theretofore entered.

Plaintiffs and defendant appealed to Superior Court. The cause was heard in Superior Court by Frizzelle, J. The court overruled defendant's exceptions and concluded as a matter of law that the Commission was in error in dismissing carrier as a party defendant, adjudged that defendant and carrier pay compensation and proceeded to make an award.

From the judgment rendered by Frizzelle, J., defendant and carrier appealed and assigned errors.

*Ruark, Young, Moore & Henderson and A. A. Reaves for plaintiffs, appellees.*

*I. Weisner Farmer for defendant Rocky Mount Marble & Granite Works, appellant.*

*Thomas A. Banks and R. L. Savage for defendant United States Fidelity & Guaranty Company, appellant.*

MOORE, J. The first question for decision is whether or not the insurance carrier was on the risk during the period of employee's "last injurious exposure" to silica dust so as to impose liability on the carrier.

Defendant employer insists that employee became disabled as disablement is defined by G.S. 97-54 on 5 July 1951. Dr. Swisher testified: "In my opinion Mr. Wright was incapacitated from performing any normal labor as a stonecutter on July 5, 1951." Carrier was on the risk from 16 April 1951 to 16 July 1951. Defendant contends that the testimony of Dr. Swisher by fixing the date of disablement fixes the time of last injurious exposure, that the last day of injurious exposure was 5 July 1951, that the Commission should have found accordingly, that the Commission was in error in dismissing the carrier, and that the Superior Court was correct in reversing the Commission on this point.

Employee worked regularly from 16 July 1951 to 29 September 1951 for defendant and during this period was exposed to the hazards of silicosis. During this period he worked 52 full eight-hour days. Silicosis is a progressive and often fatal disease. *Bye v. Granite Co.*, 230 N.C. 334, 336, 53 S.E. 2d 274; *Young v. Whitehall Co.*, 229 N.C. 360, 369, 49 S.E. 2d 797. Dust accumulates in and affects the lungs during exposure over long periods of time. Realizing this, the Legislature fixed by statute a rule for the guidance of the Industrial Commission in determining the period of last injurious exposure and placed liability upon the employer for whom employee was working during such period. It is important to both employer and employee that there be a definite rule for such determination. G.S. 97-57 provides that ". . . the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, shall be liable. For the purpose of this section when an employee has been exposed to the hazards of . . . silicosis for as much as thirty working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious." This rule in its application to the instant case may be paraphrased as follows: The period of last injurious exposure is the last thirty days of employment while exposed to silica dust, provided employee works for the same employer as much as thirty days or parts thereof in a period of seven months. An employee is capable of further injury so long as there is any sound tissue in the lungs to be scarred by the cutting particles of dust and reduced to a fibroid state; the law takes the

breakdown where it occurs. *Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 170, 22 S.E. 2d 275. We must hold, as in the *Haynes* case, that employee was capable of further injury from silicosis up to and including 29 September 1951 because he still lived and breathed. G.S. 97-57 creates an irrebuttable presumption—a presumption of law. The last day of work was the date of disablement and the last thirty days of work was the period of last injurious exposure in the case at bar. The Commission may not arbitrarily select any 30 days of employment, other than the last 30 days, within the seven months period for convenience or protection of any of the parties, even if there is some evidence which may be construed to support such selection. *Hartsell v. Thermoid Co.*, 249 N.C. 527, 107 S.E. 2d 115; *Mayberry v. Marble Co.*, 243 N.C. 281, 90 S.E. 2d 511; *Willingham v. Rock & Sand Co.*, 240 N.C. 281, 82 S.E. 2d 68; *Stewart v. Duncan*, 239 N.C. 640, 80 S.E. 2d 764; *Bye v. Granite Co., supra; Haynes v. Feldspar Producing Co., supra.*

In the case at bar the United States Fidelity & Guaranty Company was not on the risk during the period of last injurious exposure and the Commission properly dismissed it as party defendant. However, we wish to make it clear that there must be disablement as defined by G.S. 97-54 before ordinary compensation may be awarded in silicosis cases. The time when disablement is deemed to have occurred depends upon the factual situation under consideration. *Young v. Whitehall Co., supra; Singleton v. Mica Co.*, 235 N.C. 315, 69 S.E. 2d 707; *Honeycutt v. Asbestos Co.*, 235 N.C. 471, 70 S.E. 2d 426. In the instant case G.S. 97-57 fixes the time of disablement and the period of last injurious exposure when applied to the facts.

Defendant insists that it is not liable for payment, in any event, for the reason that employee waived compensation in writing.

It is true that employee on 10 August 1950 applied to the Commission for leave to accept employment with Cole-Willard Stone Company of Raleigh and waived his rights to compensation for any aggravation of his then physical condition, "other than the right to claim compensation for disability or death or both as now provided" in G.S. 97-61, "in the event that continued exposure to silicosis incidental to *such employment* should result in disability or death, in which event compensation shall be payable for a period not to exceed one hundred weeks." (Emphasis ours). The Commission permitted employee "to enter the employment as stated, until 20 December 1950 and no further." Pursuant thereto employee worked for Cole-Willard Stone Company until 19 October 1950. There was no such request, waiver and permission with respect to the employment by defendant.

The essential elements of a waiver are: (1) the existence, at the time of the alleged waiver, of a right, advantage or benefit; (2) the knowledge, actual or constructive, of the existence thereof; and (3) an intention to relinquish such right, advantage or benefit. 56 Am. Jur., Waiver, sec. 12, p. 113. Applying these principles to the situation at hand, it is clear that defendant did not rely on and may not claim any benefit under the waiver signed by employee on 10 August 1950. At that time employee had no rights with respect to compensation from defendant and contemplated none so far as the record discloses. There is no indication that employee ever intended to relinquish any rights that he might have to compensation by and through defendant. Defendant was not a party to the waiver of 10 August 1950 and is not mentioned therein. It was limited by its terms to employment by Cole-Willard Stone Company.

Furthermore, the signing of the waiver in order to obtain employment by Cole-Willard Stone Company did not reduce the compensation for the death of employee from ordinary compensation to that provided by G.S. 97-61. G.S. 97-61 was rewritten as 97-61.1 to 97-61.7 by Session Laws 1955, chapter 123, and by Session Laws 1957, chapter 1217. We consider it here as it existed prior to 1955. G.S. 97-61 makes provision for compensating and rehabilitating employees, not actually disabled, who would be benefited by being taken out of the dusty trade. It provides for temporary compensation until employment may be obtained in another occupation and payment for training purposes in a new trade. It provides as follows: *"If an employee has been so compensated . . . and he thereafter engages in any occupation which exposes him to the hazards of silicosis . . . without first having obtained the written approval of the Industrial Commission, neither he, his dependents, personal representatives nor any other person shall be entitled to any compensation for disablement or death from silicosis . . . : Provided, however, that an employer so affected, as an alternative to forced change of occupation, may, subject to the approval of the Industrial Commission, waive in writing his right to compensation for aggravation of his condition that may result from his continuing in his hazardous occupation; but in the event of total disablement or death . . . compensation shall nevertheless be payable, but in no case . . . for a longer period than one hundred (100) weeks."* (Emphasis ours).

Employee in the case at bar did not at any time receive any compensation under G.S. 97-61 and therefore did not forfeit his right to compensation thereunder. Employee did not waive in writing his right to compensation when he was employed by defendant and the Com-

mission did not approve his employment by defendant. Therefore, plaintiffs are entitled to ordinary compensation herein. *Bye v. Granite Co., supra.*

Defendant might have avoided liability, had it so desired, by insisting that employee be examined and a prompt report be made before it received him into service. The refusal of employee to submit to such examination would have barred him from compensation. G.S. 97-60. *Willingham v. Rock & Sand Co., supra; Haynes v. Feldspar Producing Co., supra.*

G.S. 97-65 provides that "In case of disablement or death due primarily from silicosis . . . and complicated with tuberculosis of the lungs compensation shall be payable as hereinbefore provided, except that the rate of payment may be reduced one-sixth." Whether the award should be so reduced rests in the discretion of the Industrial Commission. *Stewart v. Duncan, supra.*

There was competent evidence to support the findings of fact by the Industrial Commission and its conclusions of law are supported by the findings of fact.

On appeal from the Industrial Commission, the Superior Court has only appellate jurisdiction to review an award of the Industrial Commission for errors of law. It may not find additional facts or make an award. *Brice v. Salvage Co.,* 249 N.C. 74, 82, 105 S.E. 2d 439.

This case is remanded to the end that an order be made affirming the award of the Industrial Commission.

On defendant's appeal — affirmed.

On carrier's appeal — reversed.

HIGGINS, J., not sitting.